LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

LOCKE LORD LLP
Nina Huerta (SBN 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 485-1500
Fax: (213) 485-1200

LOCKE LORD LLP
Richard J. Reibstein (*pro hac vice* application to be filed)
rreibstein@lockelord.com
Brookfield Place, 200 Vesey Street 20th Floor
New York, NY 10281
Telephone: (212) 912-2797
Fax: (212) 812-8377

Attorneys for Defendants
Cultural Care, Inc. (incorrectly sued herein as Cultural Care USA) and EF Education First, Inc. (incorrectly sued herein as EF Education First)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA VENTURA, | CASE NO.: 3:21-cv-00931 |
| Plaintiff, | |
| vs. | **CULTURAL CARE, INC.'S NOTICE OF REMOVAL** |
| CULTURAL CARE USA, EF EDUCATION FIRST, and DOES 1-10, | |
| Defendants. | Complaint Filed: December 24, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Cultural Care, Inc. (incorrectly named as Cultural Care USA), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the County of Contra Costa to the United States District Court for the Northern District of California.  Removal is based on 28 U.S.C. § 1332 and is authorized by 28 U.S.C. § 1441.  As grounds for removal, defendants state as follows:

## STATEMENT OF THE CASE

1. On December 24, 2020, an action was commenced by plaintiff Paula Ventura ("Plaintiff") in the Superior Court of the County of Contra Costa styled *Paula Ventura v. Cultural Care USA, EF Education First, and Does 1-10,* Case No. CIVMSC20-02639 (the "State Court Action").

2. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  The 30-day period is not triggered until service has been made on a party.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The State Court Action has not been properly served on any of the Defendants as of the date of this Notice of Removal.  A courtesy copy of the complaint alone was sent by counsel for Plaintiff to an employee of Cultural Care, Inc. by email on January 19, 2021.  This Notice of Removal meets the time requirements of 28 U.S.C. § 1446(b) because no service has been effectuated; hence, the 30-day period to file this Notice of Removal has yet to commence.  Removal is therefore timely.

3. The Complaint asserts the following causes of action under California state law for 1) Failure to Pay for Each Hour Worked, 2) Failure to Provide Paid Rest Breaks, 3) Failure to Provide Full Rest Break Pay, 4) Failure to Provide Accurate Itemized Wage Statements, 5) Failure to Reimburse for Expenses Incurred By Employee in Direct Consequence of the Discharge of Duties, and 6) Violations of the Unfair Competition Law.

4. Pursuant to 28 U.S.C. § 1446(a), there has been no process, pleadings, or orders served on Cultural Care, Inc. or the co-defendant in this case, EF Education First, Inc.  Nonetheless,

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

1  a copy of the courtesy copy of the Complaint is attached hereto as Exhibit 1.  A copy of the docket
2  sheet as of February 4, 2021 is attached hereto as Exhibit 2.

3  **DIVERSITY JURISDICTION**

4    5. 28 U.S.C. section 1332 vests district courts with "original jurisdiction of all civil
5  actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest
6  and costs…" and is between citizens of different states.

7    6. Plaintiff alleges that she is currently a resident of Contra Costa County, California.
8  Compl., ¶ 36.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)
9  ("[P]lace of residence is prima facie the domicile.").  Thus, a preponderance of the evidence
10 demonstrates that Plaintiff is domiciled in California and, as a result, is a citizen, for diversity
11 jurisdiction purposes, of California.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090
12 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

13   7. Cultural Care, Inc. is not a citizen of California.  A corporation is a citizen of the state
14 where it was incorporated and the state where it has its principal place of business.  28 U.S.C. §
15 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  Cultural Care, Inc., which was
16 named in the Complaint as Cultural Care USA, is incorporated and has its principal place of business
17 in Massachusetts.  Its "high level officers direct, control, and coordinate the corporation's activities"
18 in Massachusetts.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Accordingly, Cultural Care is a
19 citizen of Massachusetts, not California, for purposes of diversity jurisdiction.

20   8. The Complaint incorrectly refers to Cultural Care, Inc. as Cultural Care USA and
21 named Cultural Care USA as a defendant.  On information and belief, there is no Cultural Care
22 USA. The Complaint further states that "Cultural Care USA is a California corporation …."
23 According to the online records of the California Secretary of State, there is no California entity
24 called Cultural Care USA, and the only listing containing the phrase "Cultural Care" is for Cultural
25 Care, Inc., which is listed as a Massachusetts entity. See
26 https://businesssearch.sos.ca.gov/CBS/SearchResults?filing=&SearchType=CORP&SearchCriteria=
27 cultural+care&SearchSubType=Keyword (last accessed Feb. 5, 2021).  *See* Exhibit 3 attached hereto
28 (printout of Secretary of State Business Entity Search results).

9. The Complaint can and should be amended to reflect the correct name of the first listed Defendant, with whom the Plaintiff entered into a Local Childcare Consultant Agreement on September 7, 2016. *See* Exhibit 4 attached hereto.

10. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). EF Education First, Inc. (incorrectly named as EF Education First) has not been properly joined (as explained below, it is fraudulently joined) *and* it has not been served. Although it is not required to do so, EF Education First, Inc. consents to Cultural Care, Inc.'s removal of this case. EF Education First, Inc. will file herewith its consent to removal.

11. The alleged California citizenship of EF Education First, Inc. should not be considered for purposes of diversity because it is fraudulently joined. Fraudulently joined defendants will not defeat removal on diversity grounds. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.; accord Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Hunter v. Philip Morris*, 582 F.3d 1039, 1044 (9th Cir. 2009) (a party is considered fraudulently joined for purposes of defeating jurisdiction where complaint fails to allege a state law claim against that defendant).

12. Particularly relevant here, "the fraudulent joinder doctrine prevents a plaintiff from destroying diversity by suing a non-diverse parent company that did not play a legally cognizable role in the alleged wrongdoing." *Flower v. Wachovia Mortg., FSB*, No. C09-343 JF (HRL), 2009 WL 975811 (N.D. Cal. April 10, 2009). Plaintiff has attempted to destroy diversity by suing EF Education First, Inc., which it alleges to be an ultimate parent company. Compl., ¶35.[1] Thus, the

---

[1] EF Education First, Inc. is not a parent company of Cultural Care, Inc., and in fact has no business relationship to Cultural Care, Inc. Cassidy Decl., ¶2. Cultural Care, Inc. is not a subsidiary or parent of Education First, and Education First is not a subsidiary or parent of Cultural Care. *Id*. Neither are subentities of the other. *Id*.

1  inclusion of EF Education First, Inc. does not destroy diversity.  Further, in *Kruso v. Int'l Telephone*
2  *& Telegraph Corp.*, 872 F.2d 1416 (9th Cir.1989), the Ninth Circuit affirmed the district court's
3  refusal to remand the action to state court based on its determination that the plaintiffs could not
4  prevail on their claims against the non-diverse defendants because the plaintiffs and the non-diverse
5  defendants were not parties to any alleged agreement.  The same is true here.  EF Education First,
6  Inc. is not a party to the Local Childcare Consultant Agreement at issue.  *See* Exhibit 4 attached
7  hereto.  EF Education First, Inc. is not a "party in interest" as it has no business relationship
8  whatsoever to Plaintiff or to Cultural Care, Inc. or is in any way associated with the Au Pair Program
9  that is the subject of Plaintiff's lawsuit.  Cassidy Decl., ¶¶2-4.

10      13.  The only purported basis made by Plaintiff for including EF Education First, Inc. as a
11  defendant is that Cultural Care, Inc., misnamed in the Complaint as Cultural Care USA, is an alleged
12  "subentity" of EF Education First.  Compl., ¶35.  That is not an accurate statement of fact.  Cassidy
13  Decl., ¶2.  Even if it were, however, that would not make EF Education First, Inc. a party in interest,
14  as it is well established as a matter of law that a parent of an employing entity is not liable as a joint
15  or common employer where the only connection between the alleged employer (here, Cultural Care)
16  and its alleged parent (here, EF Education First) is that the former is owned by the latter (*see Curry*
17  *v. Equilon Enterprises, LLC*, 23 Cal.App.5th 289 (2018) and *Henderson v. Equilon Enterprises,*
18  *LLC,* 40 Cal.App.5th 1111 (2019)) – and that is all that is pleaded in the Complaint.  Thus, because
19  EF Education First, Inc. is fraudulently joined, its citizenship is not considered, and complete
20  diversity exists.

21      14.  EF Education First, Inc. has *not* been properly served with process yet.  Although this
22  case is being removed by Cultural Care, Inc. and not by EF Education First, Inc., EF Education First,
23  Inc. would be permitted to remove this case.  As stated in *Loewen v. McDonnell,* No. 19-cv-00467-
24  YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019), " '[T]he Northern District of California
25  has consistently held a defendant may remove an action prior to receiving proper service, even when
26  the defendant resides in the state in which the plaintiff filed the state claim.'"  *Accord Sherman v.*
27  *Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014);
28  *Monfort*, 2019 WL 131842, at *3 (adopting plain language of section 1441(b)(2)); *Carreon v. Alza*

*Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1 (N.D. Cal. Feb. 9, 2010) ("Courts in this district have routinely applied [section 1441(b)] as it is written."); *City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *10 (N.D. Cal. Mar. 9, 2007) (denying motion to remand as the court was "constrained by the plain language of § 1441(b)"); *Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ, 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (denying motion to remand and following the "plain text of section 1441(b)"); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (denying motion to remand based on plain language of section 1441(b)); *Davis v. Hoffman-LaRoche, Inc.*, No. 13-5051 JSC, 2014 WL 12647769, at *2 (N.D. Cal. Jan. 14, 2014) (recommending to deny motion to remand and stating that courts in this district "have uniformly held that the language of Section 1441(b)(2) is clear: the local-defendant rule applies only to those defendants which have been properly *joined and served.*") (emphasis in original), *report & recommendation adopted*, 2014 WL 12647768 (N.D. Cal. Jan. 31, 2014); *Saratoga Advantage Trust Tech. & Commc'n Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-CV-04881-RMW, 2015 WL 9269166, at *2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand and stating that because the forum defendant "had not been served at the time of removal, the forum defendant rule does not apply").

15. The remaining Defendants are named as "Doe" defendants, and as such, are disregarded in determining the existence of diversity. 28 U.S.C. § 1441(a).

16. The amount in controversy is more than $75,000 in this action including all alleged damages, penalties, and attorneys' fees (but excluding interest and costs). Although Defendant will be able to establish that it has fully complied with all applicable laws and that Plaintiff is not entitled to any damages, Plaintiff's lawsuit seeks damages for alleged misclassification as an independent contractor, including payment for all allegedly uncompensated hours worked, at twice the applicable minimum wage for each uncompensated hour worked, as per Cal. Lab. Code sections 1194 and 1197 and Cal. Industrial Wage Commission Wage Order ("Wage order") 4, sections 3, 4, and 9(B) (Exhibit 1 at paragraphs 43); overtime for all hours worked over eight in a single day and 40 in a workweek at the rate of one and one-half times her weekly regular rate, as per Cal. Lab. Code sections 510, 1194, and Wage Order 4, section 3 (Exhibit 1 at paragraph 49); penalties under Cal.

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Lab. Code section 218 (Compl., ¶50); attorneys' fees as per Cal. Lab. Code section 1194 (Compl., ¶51); penalties imposed by Cal. Lab. Code 1197.1 (Compl., ¶52); attorneys' fees as per Cal. Lab. Code sections 218.6 and 1194 (Compl., ¶53); liquidated damages under Cal. Lab. Code section 1194.2 (Compl., ¶54); penalties under Wage Order 4, section 20 (Compl., ¶56); premium wages for rest breaks taken but not paid under Cal. Lab. Code sections 218 and 226.7 (Compl., ¶63, 65); attorneys' fees for rest break violations (Compl., ¶67); civil penalties under Wage Order 4, sections 4 and 12 for rest break violations (Compl., ¶68;) actual damages for failure to receive an itemized pay statement plus penalties under Cal. Lab. Code section 226(e) (Compl., ¶75); penalties for such alleged failure to provide an itemized wage statement (Compl., ¶76); attorneys' fees under Cal. Lab. Code 226(g) (Compl., ¶77); reimbursement / restitution under Cal. Lab. Code section 2802(b) for all necessary expenditures incurred by Plaintiff including the purchase of gasoline, oil, and other goods and services to maintain her vehicle for frequent travels within her county, the purchase and use of her computer and smartphone used in her work, and food, drink, and entertainment costs for au pairs and host families (Compl., ¶80 and 83) and attorneys' fees in connection with such claim under Cal. Lab. Code section 2802(c) (Compl., ¶82); restoration / restitution under Cal. Business & Professions Code sections 17203 and 17208 for all wages and expense reimbursements that has allegedly been withheld from Plaintiff (Compl., ¶90) as well as injunctive and declaratory relief (Compl., ¶92); and liquidated damages under Cal. Lab. Code 1194.2 (Compl. at page 20, item 6 in the Prayer for Relief).

17.     Where a complaint (as here) does not specify a particular amount of damages, a removing defendant need only show that it is "more likely than not" that the amount in controversy requirement is exceeded. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Not only does Plaintiff seek minimum wage payments, double-time and other premium pay payments, overtime payments, missed rest and meal period payments, restitution for expenses incurred, termination pay payments, and liquidated damages, but also statutory penalties in addition to injunctive and declaratory relief. Moreover, each of the alleged violations, if proven, would entitle Plaintiff to

attorneys' fees, and Plaintiff's request for such attorneys' fees may alone exceed the jurisdictional amount of $75,000.

18. These types of claims count toward the jurisdictional amount. *See Guglielmino,* 506 F.3d at 699 (reviewing prayer for relief in ascertaining whether amount in controversy requirement was met); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal 2002) (explaining that "a reasonable estimate of fees likely to be incurred to resolution" counts toward the amount in controversy).

19. Accordingly, this Court has jurisdiction over this action because all of the requirements of 28 U.S.C. § 1332(d) are satisfied.

## OTHER PROCEDURAL REQUIREMENTS

20. The undersigned counsel represents both Defendants and removes this action on behalf of Cultural Care, Inc. and with EF Education First, Inc.'s consent. No other defendants have been named in or served with the Complaint. Therefore, additional consent to this removal is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requirement for consent applies "only to defendants… in the action").

21. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Northern District of California is the federal judicial district embracing the Superior Court of California for the County of Contra Costa, where the State Court Action was originally filed.

22. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of the County of Contra Costa. *See* 28 U.S.C. §§ 1446(a), (d).

23. This Notice of Removal is signed by Defendants' counsel pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

## CONCLUSION

Defendants intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, Cultural Care, Inc. prays that the State Court Action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.

Dated:  February 5, 2021                             Respectfully submitted,

LOCKE LORD LLP


By:  */s/ Regina J. McClendon*
      Regina J. McClendon
      Nina Huerta
      Richard J. Reibstein
Attorneys for Defendants Cultural Care, Inc. (incorrectly sued herein as Cultural Care USA) and EF Education First, Inc. (incorrectly sued herein as EF Education First)